UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                                   :
**NEB MORROW**,                                                    :
                                                                   :
                Petitioner, :
                                                                   :
         - against -                                   : **MEMORANDUM DECISION AND**
                                                                   : **ORDER**
**MICHAEL CAPRA**,                                                 :
                                                                   : 18-CV-5765 (AMD) (LB)
                                                                   :
                Respondent.  :
                                                                   :
------------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

      In 2010, the *pro se* petitioner was convicted after a jury trial in Kings County Supreme Court of first-degree robbery and was sentenced to an indeterminate prison term of twenty-one years to life.[1] He subsequently filed a petition for habeas corpus, which is currently pending before the Court. (ECF No. 1.) On April 27, 2020, the petitioner, currently incarcerated at Sing Sing Correctional Facility, filed an emergency motion for release pursuant to 28 U.S.C. § 2254. (ECF Nos. 16, 22.) The respondent opposes. (ECF Nos. 18-19.) For the reasons that follow, the petitioner's emergency motion for release is denied.

## BACKGROUND[2]

      On October 3, 2009, the petitioner walked into a McDonald's in Brooklyn and robbed the cashier at gunpoint. (ECF No. 14 at 2-4.) He was arrested within minutes of the robbery after three witnesses identified him to the police. (*Id.* at 5.) The petitioner was charged with Robbery

---

[1] The petitioner is also serving a concurrent federal sentence of 147 months.
[2] Because the petitioner was convicted, the facts are summarized in the light most favorable to the verdict. *See Garbutt v. Conway*, 668 F.3d 79, 80 (2d Cir. 2012).

in the First and Third Degrees, Grand Larceny in the Fourth Degree, Petit Larceny, Criminal Possession of Stolen Property in the Fourth Degree, Criminal Possession of Stolen Property in the Fifth Degree, two counts of Criminal Possession of a Weapon in the Second Degree, and Criminal Possession of a Weapon in the Third and Fourth Degrees.  (*Id*. at 3.)

The petitioner represented himself at a jury trial before Judge Joel M. Goldberg.  The petitioner was convicted and sentenced as a persistent violent felony offender to an indeterminate prison term of twenty-one years to life.  The Appellate Division affirmed the judgment of conviction, and the Court of Appeals denied leave to appeal.  *People v. Morrow*, 143 A.D.3d 919 (2d Dep't 2016); *People v. Morrow*, 28 N.Y.3d 1148 (2017).  The defendant moved for a writ of error coram nobis, which was also denied.  *People v. Morrow*, 164 A.D.3d 1263 (2d Dep't 2018).

On October 4, 2018, the petitioner filed a petition for habeas corpus challenging his state court conviction.  (ECF No. 1.)  Although he represented himself at trial, he argues that the lawyers who represented him before the trial and for his appeal were ineffective.  (*Id.*)  He also claims that the prosecutor altered and concealed exculpatory evidence, and that the attorney assigned to advise him at trial conspired with police officers and prosecutors to convict him.  (*Id*.)  That petition is currently pending before this Court.

On April 27, 2020, the petitioner filed an emergency motion for an order releasing him from state custody pending this Court's decision on his habeas petition.  (ECF No. 16.)  He argues that conditions at Sing Sing during the ongoing COVID-19 public health emergency are dangerous to his health.  (*Id.*)  He also argues that he has "new legal issues" that he seeks to exhaust in state court before amending his pending petition and which warrant early release.  (*Id*.

at 9.) The respondent opposes, arguing that the petitioner does not meet the requirements for release. (ECF Nos. 18-19.)

## DISCUSSION

While no federal statute expressly authorizes a district court to grant bail during the pendency of habeas proceedings, "[a] district court has inherent power to enter an order affecting the custody of a habeas petitioner who is properly before it contesting the legality of his custody." *Ostrer v. United States*, 584 F.2d 594, 596 n.1 (2d Cir. 1978). However, "this power is a limited one, to be exercised in special cases only." *Mapp v. Reno*, 241 F.3d 221, 226 (2d Cir. 2001). To be eligible for bail, the petitioner must show: (1) that his petition makes "substantial" claims, (2) that he has demonstrated a likelihood of success on the merits of his petition, and (3) that "extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." *Mapp*, 241 F.3d at 226 (alterations omitted); *see also Boddie v. N.Y. State Div. of Parole*, No. 08-CV-9287, 2009 WL 1531595, at *1 (S.D.N.Y. May 28, 2009). "Of these factors, 'the necessity that the petition present merits that are more than slightly in [the] petitioner's favor' is 'essential.'" *Williams v. Keiser*, No. 17-CV-1040, 2020 WL 2028256, at *2 (W.D.N.Y. Apr. 28, 2020) (quoting *Welch v. Artus*, No. 04-CV-205 S, 2007 WL 949652, at *60 (W.D.N.Y. Mar. 29, 2007) and *Richard v. Abrams*, 732 F. Supp. 24, 25 (S.D.N.Y. 1990)). Because the petitioner is representing himself, I read his submissions "liberally and . . . interpret[ ] [them] 'to raise the strongest arguments that they could suggest.'" *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

The petitioner has not shown he is eligible for bail. First, his pending habeas petition does not present "substantial" claims or demonstrate a likelihood of success on the merits. To

3

meet this requirement, he must show that his petition's success "can be predicted with confidence." *Muja v. United States*, No. 10-CV-2770, 2011 WL 1870290, at *1 (E.D.N.Y. May 16, 2011) (quoting *Beras v. United States*, No. 05-CV-2678, 2007 WL 195352, at *1 (S.D.N.Y. Jan. 24, 2007)). While the petitioner may yet prevail on his petition, it cannot be said that he has met this exacting standard at this stage of the case.[3] Based on the record before me, the petitioner's remaining claims—ineffective assistance of counsel and prosecutorial misconduct—appear to be unexhausted, procedurally barred or otherwise meritless. Moreover, he concedes that the additional claims he seeks to bring are new and have not been exhausted. (ECF No. 16 at 7.) Even if these new arguments are not futile or time-barred—as the respondent argues in opposing them—the petitioner admits he has not yet exhausted these claims in state court or moved to amend his petition to include them. In short, the petitioner has not demonstrated that as his petition currently stands, "victory is nearly a certainty[.]" *Jackson v. N.Y. State Dep't of Corr. Servs.*, 96-CV-1865, 1999 WL 33504441, at *2 (N.D.N.Y. Feb. 25, 1999) (denying bail application where the court was "unable to confidently predict victory for the petitioner").

The petitioner also has not demonstrated that the COVID-19 pandemic and resulting conditions present "extraordinary or exceptional circumstances . . . which make the grant of bail necessary to make the habeas remedy effective." *Mapp*, 241 F.3d at 226. The petitioner, who is fifty-one years old, says that his asthma and age place him at risk, and that Sing Sing is not appropriately protecting inmates from COVID-19. (ECF No. 16 at 6-10.) While I am sympathetic to the petitioner's concerns about contracting COVID-19, these conditions do not present "extraordinary or exceptional" circumstances warranting his release. Neither the petitioner's age nor his history of asthma places him in the "higher risk" group identified by the

---

[3] For example, the petitioner asked that charges be brought against his former defense attorney, both trial prosecutors and the two police officers who testified at his trial. That is not relief that a court can provide.

4

CDC in recent guidelines, which includes people over the age of 65 and those with "moderate-to-severe asthma." *See* "Groups at Higher Risk for Severe Illness," *available at* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last updated May 14, 2020). According to the petitioner's medical records, he has "mild" or "intermittent" asthma, which is being managed with regular medical treatment, including prescription medications. (ECF No. 19 at Ex. B.)

The petitioner's remaining arguments in support of his release are premised on "rumors" about other inmates and staff contracting COVID-19, and his observations about protective measures taken by staff members. (ECF No. 16 at 8.) The Department of Corrections and Community Supervision ("DOCCS") has implemented extensive statewide measures to protect incarcerated individuals and staff in line with the CDC's recommendations, including mandating that all staff wear masks while on duty, supplying inmates with appropriate face coverings or masks, and testing, isolating and quarantining any inmates suspected of contracting COVID-19. *See* DOCCS COVID-19 Report, *available at* https://doccs.ny.gov/doccs-covid-19-report. Of course, these measures cannot eliminate all risk that the petitioner might be exposed to COVID-19. But in light of these efforts to combat the spread of COVID-19, the petitioner has not shown that current conditions amount to extraordinary circumstances warranting his release.[4]

Finally, in his emergency motion, the petitioner appears to raise additional claims about the conditions of his confinement, Sing Sing's "deliberate indifference" to his health and safety, and "new legal issues that must be first exhausted in . . . State court before he can seek to amend

---

[4] Because I find that the petitioner is not eligible for release, I do not consider his arguments about whether his federal detainer stemming from a Hobbs Act conviction in a separate federal case, where he was convicted and sentenced to 147 months, affects his eligibility for release. *See United States v. Morrow*, No. 10-CR-102 (S.D.N.Y. Nov. 5, 2010).

5

his habeas corpus petition . . ." (ECF No. 16 at 8-9.)[5] The respondent opposes and argues that any amendment of the petitioner's pending petition is futile and should not be granted. These new claims are difficult to discern, and their relationship to his existing petition is not clear. To the extent the petitioner intends to amend his petition to include any new claims, and plans to exhaust those claims in state court, he must inform the Court and request a stay of his current petition until he has exhausted his state court remedies and amended his petition. Therefore, the petitioner is directed to submit a letter to the Court by July 31, 2020, stating whether he plans to amend his pending petition to assert any new claims. The petitioner should consider the respondent's arguments that any new claims are time-barred and otherwise futile. (ECF No. 20 at 4.)

## CONCLUSION

For the reasons set out above, the petitioner's motion for emergency release is denied.

**SO ORDERED.**

s/Ann M. Donnelly

Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
      June 17, 2020

---

[5] Moreover, as other courts have held in denying similar applications for relief, the petitioner's challenges to the conditions of his confinement do not appear to be cognizable on habeas review. *See, e.g., Jefferson v. Ohio*, No. 3:18-CV-779, 2020 WL 1983065, at *21 (N.D. Ohio Apr. 27, 2020) (concluding that Section 2254 petitioner's emergency motion for release "challenge[d], in essence, the conditions of his confinement," a type of claim "not cognizable in habeas cases").