UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                            :

**NEB MORROW, III**,            :

                Petitioner,    :

                            :   **MEMORANDUM DECISION AND**

        – against –          :   **ORDER**

                            :   18-CV-5765 (AMD) (LB)

**MICHAEL CAPRA**,        :

                            :

                Respondent.   :
------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

       Before the Court is the *pro se* petitioner's motion to vacate the order denying his petition

for habeas corpus. (ECF No. 31.) On October 4, 2018, the petitioner filed a habeas petition

challenging his state convictions under 28 U.S.C. § 2254. (ECF No. 1.) On March 31, 2022, I

denied the petition in its entirety. (ECF No. 29.) The petitioner now moves to vacate the order

pursuant to the Federal Rule 60(b)(1) of Civil Procedure, and the respondent opposes. For the

reasons that follow, the motion is denied.

## BACKGROUND

       I assume the parties' familiarity with the facts and the record of the prior proceedings,

and incorporate them from my prior order. (ECF No. 29.) I summarize the facts only to the

extent necessary to decide the petitioner's Rule 60(b)(1) motion.

       In 2009, the petitioner was arrested for robbing a Brooklyn McDonald's at gunpoint. At

his arraignment, the petitioner argued that he was deprived of his right to appear before the grand

jury pursuant to New York Criminal Procedure Law ("CPL") § 190.50. (ECF No. 29 at 2.) He

claimed that his assigned counsel, Clinton Hughes, improperly waived his right to testify before

the grand jury without consulting him. (*Id*.) The court appointed new counsel, David Jacobs,

who moved to dismiss the indictment under CPL § 190.50, because the petitioner was not afforded the opportunity to testify before the grand jury.  (*Id.* at 3.)  After the motion was denied, the petitioner filed a state habeas petition before the Honorable John P. Walsh, claiming ineffective assistance of counsel.  He argued that Mr. Jacobs not only did not consult him about the motion but had not spoken to him at all.  (*Id.*)  The petitioner also reasserted his grand jury claims in the same petition.  (*Id.*)  The petition was denied.  According to the petitioner, the judge declined to rule on it because the petitioner was in federal custody.  (*Id.*)[1]  The petitioner resubmitted his petition to the trial judge, the Honorable Joel M. Goldberg.  (*Id.*)  Judge Goldberg denied the petition, explaining that he was "not really allowed to review the decision made by another judge."  (*Id.* at 4.)  Nevertheless, Judge Goldberg permitted the petitioner to "make a record," explaining, "If you are convicted, that's something that has to be raised on appeal." (*Id.* (citation omitted).)

On August 19, 2010, the petitioner said he wanted to represent himself at trial.  Judge Goldberg conducted an inquiry to ensure that the petitioner's decision was "voluntary," and to make the petitioner "aware of the risks of self-representation."  (*Id.*)  Judge Goldberg permitted the petitioner to proceed *pro se*, but appointed Mr. Jacobs to serve as "standby counsel."  (*Id.* at 5.)  Shortly before the trial began, the petitioner complained about Mr. Jacobs's pretrial representation and requested new standby counsel.  (*Id.*)  Judge Goldberg denied the request, because the petitioner was representing himself, and "substituting someone else at this point might wind up delaying the trial."  (*Id.* (cleaned up).)

---

[1]  The court's order does not appear in the record, so the basis for the decision is not clear.

The jury convicted the petitioner of first-degree robbery, and Judge Goldberg sentenced him as a persistent violent felony offender to an indeterminate prison term of 21 years to life. (*Id.* at 12.)

In 2011, the petitioner moved *pro se* to set aside his conviction under CPL § 440.10. (*Id.*)  He argued, among other things, that the prosecution withheld a photograph from his "mugshot pedigree" file that showed him wearing a black jacket with gray lining, which would have shown that the officers lied about what he was wearing.  (*Id.*)  The petitioner also argued that the prosecutor withheld other exculpatory statements from the McDonald's employees.  (*Id.* at 13.)  Judge Goldberg denied the motion on the merits, and the Appellate Division denied leave to appeal Judge Goldberg's decision.  (*Id.*)

The petitioner, represented by counsel, appealed his conviction in 2015.  (*Id.* at 14.)  His counsel argued that Judge Goldberg did not adequately explain the risks of self-representation, and that the petitioner's waiver was not knowing, intelligent and voluntary.  (*Id.*)  The petitioner's counsel also raised claims about the jury selection process.  (*Id.*)  The petitioner filed a supplemental *pro se* brief, arguing that his first two lawyers were ineffective: the first waived his right to testify before the grand jury, the second filed a boilerplate motion without investigating his claims.  (*Id.*)  He also faulted Judge Goldberg for rejecting his request for new standby counsel, which he argued left him "absolutely no choice but to represent himself."  (*Id.* (brackets omitted).)  Finally, he claimed prosecutorial misconduct—including that the prosecution presented false evidence to the grand jury, altered photographic evidence and concealed exculpatory witnesses.  (*Id.* at 14–15.)

The Appellate Division affirmed the petitioner's conviction in 2016.  (*Id.* at 15.)  The court found that the petitioner's waiver of his right to counsel was knowing, voluntary and

intelligent, rejected the jury claims as unpreserved and rejected the petitioner's *pro se* arguments. (*Id.*)  The court found that his ineffective-assistance claims rested on "matters dehors the record which cannot be reviewed on direct appeal."  (*Id.* (quoting *People v. Morrow*, 143 A.D. 3d 919, 920 (2d Dep't 2016).)  It also explained that the petitioner was not entitled to new standby counsel.  And it rejected the petitioner's claims of prosecutorial misconduct, because the claims were not preserved and on the merits.  (*Id.*)  The New York Court of Appeals denied the petitioner's application for leave to appeal.  (*Id.*)

In 2018, the petitioner filed a *pro se coram nobis* petition, arguing that his appellate lawyer was ineffective for failing to raise certain challenges on direct appeal, including that his two pretrial lawyers were ineffective and that the trial court's denial of his request for new standby counsel "placed him in a dilemma of constitutional magnitude."  (*Id.* at 16 (cleaned up).)  The Second Department denied the *coram nobis* petition on the merits, finding that the petitioner did not establish that he was denied effective assistance of appellate counsel.  (*Id.*)

Later that same year, the petitioner filed this petition, challenging his state court conviction under 28 U.S.C. § 2254.  (*Id.*)[2]  The petitioner argued that all three of his lawyers were ineffective, that the trial judge should have dismissed the indictment because the petitioner was denied his right to appear before the grand jury and that the prosecutor improperly concealed exculpatory evidence, conspiring with the police to convict him.  (*Id.* at 19.)  I dismissed the petition in its entirety on March 31, 2022.  I declined to review the petitioner's claims about ineffective assistance of pretrial counsel, because the state court correctly found that the petitioner failed to exhaust them.  (*Id.* at 19–24.)  I also held that the state court reasonably

---

[2]  I imposed a stay while the petitioner's motion for leave to appeal his *coram nobis* petition was pending, and lifted the stay when the Appellate Division denied the motion.  (Nov. 6, 2018 & Jan. 30, 2019 Minute Entries.)

rejected the petitioner's claims about ineffective assistance of appellate counsel on the merits. (*Id.* at 24–28.)  Finally, I rejected the petitioner's claims about the indictment and the prosecutorial misconduct as procedurally barred and, in any event, meritless.  (*Id.* at 28–29, 31–32.)

The petitioner moved to vacate the March 2022 order under Federal Rule 60(b)(1) of Civil Procedure.

## LEGAL STANDARD

Rule 60(b)(1) allows the Court to relieve a party from a final judgment in case of a "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1).  "Since 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances."  *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986).

Although Rule 60(b)(1) applies to habeas proceedings, a petitioner cannot use it "to avoid the restriction on second or successive habeas corpus petitions."  *Dent v. United States*, No. 09-CV-1938, 2013 WL 2302044, at *2 (E.D.N.Y. May 24, 2013) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 530–31 (2005)).  That means that the 60(b)(1) motion will be "denied where it seeks only to relitigate issues already decided."  *Djenasevic v. New York*, No. 17-CV-6366, 2019 WL 2330854, at *2 (E.D.N.Y. May 30, 2019) (quoting *Maldonado v. Local 803 I.B. of Tr. Health & Welfare Fund*, 490 F. App'x 405, 406 (2d Cir. 2013)).  Rather, a successful 60(b)(1) motion must attack "some defect in the integrity of the federal habeas proceedings"—for example, that a court erroneously avoided deciding the merits of a claim for reasons like "failure to exhaust, procedural default, or statute-of-limitations bar."  *Gonzalez*, 545 U.S. at 532 & n.4 (2005).

## DISCUSSION

The petitioner lists multiple perceived errors in the Court's decision; he argues that the Court misunderstood his arguments, mischaracterized the state proceedings and erroneously

recounted the trial evidence.  The petitioner maintains that the Court did not appreciate the consequences of pretrial counsel's failure to secure the petitioner's right to testify before the grand jury; the petitioner explains that he would have asked the grand jury to investigate the prosecutor's case, which would have uncovered wide-reaching police and prosecutorial misconduct—including hiding exculpatory evidence and witnesses—that would have stopped the case in its tracks.  It was the fault of his first two lawyers, the petitioner argues, that the grand jury did not do this re-investigation of the case—Mr. Hughes by failing to secure his right to testify before the grand jury, and Mr. Jacobs by filing a boilerplate motion, without consulting the petitioner, that did not convey to the judge the depth of the prosecution's wrongdoing and the importance of the petitioner's right to appear before the grand jury.  These failings, the petitioner claims, destroyed any trust the petitioner had in his lawyers, which forced him to represent himself at trial.

Liberally construed, the petitioner makes four claims: 1) that the Court should have considered the merits of the petitioner's claims about pretrial counsel; 2) that the Court did not address the petitioner's claim that the trial court should have appointed different standby counsel; 3) that the Court's conclusions about appellate counsel's performance were based on a failure to appreciate the mistakes made by pretrial counsel; and 4) that because there was no grand jury investigation—which would have happened had the petitioner testified before the grand jury—the prosecutor and the witnesses lied and withheld exculpatory evidence during the trial.  The petitioner asks the Court to correct the factual "narrative" (ECF No. 31 at 13), and to permit discovery and an evidentiary hearing.

As explained below, most of these arguments seek to re-litigate the questions I already decided in the March 2022 order, without identifying any "mistake, inadvertence, surprise, or excusable neglect" within the meaning of Rule 60(b)(1).

## I.    Ineffective Assistance of Pretrial Counsel

As explained in the March 2022 order, a federal court reviewing a habeas petition must not review the merits of a federal claim if the state court based its decision "on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991).  This bar applies to substantive and procedural state law grounds alike.  *Id.* at 729–30.  When the bar is procedural, the only way around it is to demonstrate "cause" that can excuse the procedural deficiency and "actual prejudice" that would result if the federal court were to decline to hear the claim.  *Id.* at 750; *see also Shinn v. Ramirez*, 142 S. Ct. 1718, 1727–28 (2022).

In the March 2022 order, I explained that the Appellate Division denied the petitioner's claims about ineffective assistance of pretrial counsel because he did not exhaust them before state courts.  Although the petitioner raised these arguments on direct appeal, he did not raise them in a CPL § 440.10 motion, which is the required procedure for raising claims that are based on facts outside the existing record.  *See, e.g.*, *People v. Peque*, 22 N.Y.3d 168, 202 (2013); *People v. Maxwell*, 89 A.D.3d 1108, 1109 (2d Dep't 2011); *People v. Johnson*, 81 A.D.3d 1428, 1428 (4th Dep't 2011).[3]  Because this New York rule "is firmly established and regularly

---

[3]  "Generally, the ineffectiveness of counsel is not demonstrable on the main record. . . . Consequently, in the typical case it would be better, and in some cases essential, that an appellate attack on the effectiveness of counsel be bottomed on an evidentiary exploration by collateral or post-conviction proceeding brought under CPL 440.10."  *People v. Brown*, 45 N.Y.2d 852, 853–54 (1978).  Accordingly, under New York law, when "a defendant's complaint about counsel is predicated on factors such as . . . advice or preparation that do not appear on the face of the record, the defendant must raise his or her claim via a CPL 440.10 motion."  *Peque*, 22 N.Y.3d at 202.

followed," *Fulton v. Graham*, 802 F.3d 257, 262 (2d Cir. 2015) (citation omitted), the Appellate

Division's decision "adequate[ly]" supported the court's judgment, *Coleman*, 501 U.S. at 729.  I

thus declined to review the merits of the petitioner's claims.

     The petitioner does not challenge the Appellate Division's determination that his motion

was based on facts outside the record or that New York law requires these claims to be raised in

a § 440-10 motion.  Rather, he argues "that any matters that relate to his ineffective assistance

issues was not factually developed only because the trial court refused to allow Petitioner to

litigate them." (ECF No. 31 at 14.)  And he asks this Court to "provide facilities and procedures

for Petitioner to finally have his day in court."  (*Id.*)  Construing the petitioner's argument

liberally, I interpret his claim to be that he had good cause for not following New York's

procedural rules and that he suffered actual prejudice as a result of the ineffective assistance of

pretrial counsel.  *Coleman*, 501 U.S. at 750.

     To establish cause, a prisoner must "show that some objective factor external to the

defense impeded [his] efforts to comply with the State's procedural rule." *Murray v. Carrier*,

477 U.S. 478, 488 (1986).  Judge Goldberg, the trial judge, permitted the petitioner to "make a

record," so that he could raise this claim "on appeal" if convicted.  (ECF No. 29 at 4.)  The fact

that the petitioner may not have known how to preserve his claim, "in itself, is insufficient to

find 'good cause.'" *McCrae v. Artus*, No. 10-CV-2988, 2012 WL 3800840, at *10 (E.D.N.Y.

Sept. 2, 2012) (quoting *Garcia v. Laclair*, No. 06-CV-10196, 2008 WL 801278, at *4 (S.D.N.Y.

Mar. 24, 2008)).

     In any event, the petitioner cannot demonstrate prejudice, which requires "not merely . . .

a possibility of prejudice" but a showing "that the constitutional violation worked to his actual

and substantial disadvantage." *Murray*, 477 U.S. at 494 (cleaned up).  The petitioner's

8

ineffective-assistance claims are based on counsel's failure to secure his right to testify before the grand jury. As explained in the March 2022 order, however, a jury conviction at trial cures most defects in state grand jury proceedings. *Lopez v. Riley*, 865 F.2d 30, 32 (2d Cir. 1989); *see also United States v. Mechanik*, 475 U.S. 66, 73 (1986) (a guilty verdict "render[s] harmless any conceivable error in the charging decision that might have flowed from [a] violation" of grand jury proceedings). The reason for the rule is the difference between the grand jury and the petit jury. The grand jury's role is to determine "whether probable cause exists to think that a person committed a crime." *Kaley v. United States*, 571 U.S. 320, 328 (2014). The petit jury, however, must determine whether a defendant is guilty of the crime beyond a reasonable doubt—a much higher standard. During the trial, the petitioner raised the same arguments he says he would have presented to the grand jury: that the police witnesses lied about the jacket and that the prosecution withheld proof that would have exposed those lies. Indeed, Judge Goldberg admitted the recording of Marcus Row, so the jury was aware that Row told the 911 operator that the petitioner was wearing a "black or brown" sweatshirt. (ECF No. 29 at 33.) Judge Goldberg also determined that both versions of the mugshot were made available to the petitioner before trial, so he could have introduced them both as exhibits during the trial. (*Id.*) Despite the petitioner's arguments, the jury found him guilty beyond a reasonable doubt. Accordingly, even if his pretrial lawyers were ineffective, the petitioner suffered no prejudice. This Court, therefore, has no authority to set aside the state court's procedural decision, or consider the petitioner's pre-trial arguments on the merits.[4]

The petitioner also claims that I ignored his argument that the trial court should have appointed different standby counsel. In fact, I considered the petitioner's claim and denied it

---

[4] The petitioner may still bring these ineffective-assistance claims in state court under CPL § 440.10. *See* CPL § 440.10(3) (setting no time limit for § 440.10 motions and allowing successive § 440.10 motions).

because a criminal defendant who decides to represent himself has no Sixth Amendment right to standby counsel at all.  (*See* ECF No. 29 at 27 (discussing *United States v. Archambault*, 740 F. App'x 195, 199 (2d Cir. 2018); *United States v. Morrison*, 153 F.3d 34, 55 (2d Cir. 1998); *People v. Simmons*, 155 A.D.3d 782, 783 (2d Dep't 2017)).)  The petitioner does not identify any law to the contrary, or any factual mistakes in the March 2022 decision on this issue.

## II.   Ineffective Assistance of Appellate Counsel

The petitioner repeats his complaints about his appellate lawyer, which is simply an attempt to relitigate an argument I rejected in the March 2022 order, and thus not within the scope of Rule 60(b).  *E.g.*, *Sanchez v. United States*, No. 18-CV-206, 2020 WL 2139118, at *3 (S.D.N.Y. May 5, 2020).  In any event, since the standby counsel argument had no merit, appellate counsel cannot be faulted for failing to raise it on appeal.

## III.   Sufficiency of the Evidence and Prosecutorial Misconduct

In his petition, the petitioner alleged that the police planted evidence and forced him to turn his sweater inside out before the witnesses identified him, and that the prosecutor withheld exculpatory evidence.  I rejected those claims in the March 2022 order because the state court found them "unpreserved for appellate review" and on the merits.  (ECF No. 29 at 31–32.)  In his current motion, the petitioner disputes what he calls "the district court's factual errors" and requests an evidentiary hearing to further investigate the alleged prosecutorial misconduct.  (ECF No. 31 at 3, 23–24 (capitalization altered).)

As an initial matter, I did not make factual findings in the March 2022 order.  In reviewing a state habeas petition, a district court may only consider arguments based on "the Constitution or laws or treaties of the United States," not on the facts.  28 U.S.C. § 2254(a).  Accordingly, the March 2022 order merely "summarize[d] the facts" presented at trial "in the light most favorable to the verdict," which I was required to do because "the petitioner was

convicted."  (ECF No. 29 at 2 n.2 (citing *United States v. Wasylyshyn*, 979 F.3d 165, 169 (2d Cir.

2020)).)  Moreover, the findings that the petitioner challenges come from the section of the

March 2022 order entitled "The Prosecution's Case," which summarized the prosecutor's

evidence.  (*See* ECF No. 29 at 7–10.)  That section was followed by a description of the defense

case, in a section entitled "The Defense Case."  (*See id.* at 10–12.)  This was not error.[5]

As for the petitioner's claim that the state courts overlooked prosecutorial misconduct,

the March 2022 order explained that the Appellate Division found that claim "unpreserved for

appellate review" because the petitioner "either failed to object to the remarks at issue, or made

only a general objection, and failed to request further curative relief when the court sustained an

objection."  *Morrow*, 143 A.D.3d at 920–21 (citations omitted).  A federal habeas court must

"decline to hear any federal claim that was not presented to the state courts consistent with the

State's own procedural rules."  *Shinn*, 142 S. Ct. at 1732 (cleaned up).  Because nothing in the

record excuses the petitioner's failure to preserve his claims for review by the state court, this

Court cannot consider the prosecutorial misconduct claim on habeas review.  *See Wainwright v.

Sykes*, 433 U.S. 72, 90 (1977) (insisting that the "state trial on the merits" must be the "main

event . . . rather than a tryout on the road for what will later be the determinative federal habeas

hearing" (internal quotation marks omitted)).  In any event, I explained in detail in the March

2022 order why the claim fails on the merits.  (*See* ECF No. 29 at 32–34.)  Reconsideration of

this claim is not warranted.

Nor was the petitioner entitled to discovery or an evidentiary hearing on his claims of

prosecutorial misconduct.  Section 2254(e)(2) provides that a federal court may hold an

---

[5] To the extent the petitioner argues that there was legally insufficient evidence to convict him, this Court
would have no authority to review that claim, because the petitioner never challenged the sufficiency of
the evidence in any of his state filings or in his habeas petition.  *See* 28 U.S.C. § 2254(b), (c).

evidentiary hearing for a habeas petitioner who "has failed to develop the factual basis of a claim in State court proceedings" in only two limited scenarios: the claim must rely on (1) a "new" and "previously unavailable" "rule of constitutional law" made retroactively applicable by the Supreme Court, or (2) "a factual predicate that could not have been previously discovered through the exercise of due diligence."  28 U.S.C. § 2254(e)(2)(A)(i), (ii).  If a prisoner can satisfy either of those exceptions, he must also show that further factfinding would demonstrate, "by clear and convincing evidence," that "no reasonable factfinder" would have convicted him of the crime charged.  *Id.* § 2254(e)(2)(B).  The petitioner has not met these requirements in his motion to vacate or in any of his prior filings.  There is no new rule of constitutional law, and the petitioner cites no new, previously undiscoverable facts.

## CONCLUSION

For the foregoing reasons, the petitioner's Rule 60(b)(1) motion is denied.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this opinion would not be taken in good faith.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

s/Ann M. Donnelly

_____

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
      January 27, 2023